UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| VS. | ) ) 3:08-CV-1555-G ) |
| MARK D. WOODBURN and TERRY LaCORE, | ) **ECF** ) ) |
| Defendants. | ) |

# FINAL JUDGMENT AS TO TERRY LaCORE

The Securities and Exchange Commission filed a complaint, and defendant Terry LaCore: entered a general appearance; consented to the court's jurisdiction over defendant and the subject matter of this action; consented to entry of this Agreed Final Judgment ("Final Judgment") without admitting or denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, and aiding and abetting violations of, Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 [17 C.F.R. §§ 240.14a-3 and 240.14a-9] by using the mails or any means or instrumentality of interstate

commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate for the public interest or for the protection of investors:

    (a)    to solicit or permit the use of his or her name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act; or

    (b)    to solicit by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances in which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

### IV.

It is hereby further **ORDERED, ADJUDGED**, and **DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from

violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], directly or indirectly, by:

    (a)    making or causing to be made a materially false or misleading statement to an accountant in connection with; or

    (b)    omitting to state, or causing another person to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

        (1)    any audit, review or examination of the financial statements of an issuer; or

        (2)    the preparation or filing of any document or report required to be filed with the Commission.

## V.

It is further **ORDERED, ADJUDGED**, and **DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that defendant shall pay a civil penalty in the amount of $50,000 pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Terry LaCore as a defendant in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk is directed to enter this Final Judgment forthwith and without further notice.

September 4, 2008.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**

**APPROVED AS TO FORM**:


  /s/  Jennifer D. Brandt
Jennifer D. Brandt
Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, Texas  76102-688
Telephone:  817.978.6642


  /s/ Edwin Tomko
Edwin Tomko
CURRAN TOMKO TARSKI LLP
2001 Bryan Street, Suite 2050
Dallas, Texas  75201
Telephone:  214.270.1404

- 8 -